CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
MARK D. POTTER, ESQ., SBN 166317
9845 Erma Road, Suite 300
San Diego, CA 92131-1084
(858) 375-7385; Fax (888) 422-5191

Attorney for Plaintiffs, RAFAEL ARROYO, JR. & JUAN MORENO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAFAEL ARROYO, JR.; JUAN MORENO,

Plaintiffs,

v.

BODEGA LATINA CORPORATION, A DELAWARE CORPORATION; MANN ENTERPRISES INC., A Nevada Corporation, and DOES 1 through 100, inclusive,

Defendants.

Case No. CV10 2863 CBM (SS)

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE

**DEMAND FOR JURY**

Plaintiffs RAFAEL ARROYO, JR., and JUAN MORENO complain of Defendants BODEGA LATINA CORPORATION, A DELAWARE CORPORATION; MANN ENTERPRISES INC., A Nevada Corporation, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

1. This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state laws addressing the Defendants' denial of

-1-

Complaint

participation in and provision of an unequal benefit of the services to patrons with disabilities. Plaintiff seeks injunctive relief and damages for violations of civil rights and for damages flowing from such violations.

**PARTIES:**

2. Plaintiff RAFAEL ARROYO, JR. is a California resident with physical disabilities. He is a T-10 paraplegic who requires a wheelchair for mobility.

3. Plaintiff JUAN MORENO is a California resident with physical disabilities. He is a paraplegic who requires a wheelchair for mobility

4. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Super Market located at 5702 Firestone Blvd., South Gate, California.

5. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**JURISDICTION:**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

7. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with

Disabilities Act.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

9. Plaintiff RAFAEL ARROYO, JR. shopped at the Super Market on February 20, 2010.

10. Plaintiff JUAN MORENO has shopped regularly, several times a week, since July, 2008, including on November 9, 2009, at the Super Market.

11. The Super Market is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, the Super Market facility presented barriers to persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there was a lack of accessible produce scales and plastic bag dispensers, there was a lack of an accessible entrance door into the bathroom, and the bathroom was inaccessible.

13. The Plaintiffs personally encountered these violations, which violations resulted in difficulty to the Plaintiffs and resulted in the Plaintiffs being denied full and equal access required by law. The Plaintiffs' first hand knowledge of these violations has dissuaded and deterred them from returning to Defendants' Super Market on several other occasions.

14. Naturally, Plaintiffs ARROYO and MORENO were frustrated, angry and/or vexed as a result of encountering unlawful conditions, violations of their civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of Plaintiffs' civil rights by these Defendants and the highly unpleasant emotional distress caused by such unlawful treatment is

attributable to the actions or inactions of the Defendants and Plaintiffs seek redress from these Defendants for such injury.

**15.** Plaintiffs would like to return and patronize the Defendants' Super Market but because of Plaintiffs' knowledge of the existence of the inaccessible conditions and policies, the Plaintiffs are unable to use the Super Market on a "full and equal" basis until the Super Market is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiffs have been and currently are being deterred from returning and patronizing the Defendants' Super Market.

**I.  FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiffs and Against All Defendants (42 U.S.C. section 12101, et seq.)

**16.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of accessible produce scales and plastic bag dispensers, there was a lack of an accessible entrance door into the bathroom, and the bathroom was inaccessible, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiffs.

**II.  SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiffs and Against All Defendants) (Cal Civ § 51-53)

**17.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are

1 required to (1) ensure that all construction, alteration, or modification is barrier free and
2 complies with the Americans with Disabilities Act Accessibility Guidelines
3 ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
4 Building Code"); and (2) remove all existing barriers where such removal is "readily
5 achievable." The Defendants have failed to meet these obligations. The Defendants
6 intended the physical and architectural condition of their property. The existence of
7 readily achievably removed barriers and barriers in violation of the ADAAG and/or
8 California Building Code, including, but not limited to, there was a lack of accessible
9 produce scales and plastic bag dispensers, there was a lack of an accessible entrance
10 door into the bathroom, and the bathroom was inaccessible, is unlawful and has
11 resulted in the Defendants' failure to provide full and equal accommodations,
12 advantages, facilities, privileges and/or services to the Plaintiffs.

13     **18.** The acts alleged above, which form the basis of the Plaintiffs' discrimination
14 claim, are intentional acts.

15 **III. THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiffs and Against All
16 Defendants) (Cal Civ § 54-54.8)

17     **19.** The Defendants are persons who either own, operate, lease or lease to a place
18 of public accommodation or a facility open to the public. As such, the Defendants are
19 required to (1) ensure that all construction, alteration, or modification is barrier free and
20 complies with the Americans with Disabilities Act Accessibility Guidelines
21 ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
22 Building Code"); and (2) remove all existing barriers where such removal is "readily
23 achievable." The Defendants have failed to meet these obligations. The existence of
24 readily achievably removed barriers and barriers in violation of the ADAAG and/or
25 California Building Code, including, but not limited to, there was a lack of accessible
26 produce scales and plastic bag dispensers, there was a lack of an accessible entrance
27 door into the bathroom, and the bathroom was inaccessible, is unlawful and has
28 resulted in the Defendants' failure to provide full and equal accommodations,

1  advantages, facilities, privileges and/or services to the Plaintiffs.

2  **IV.  FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiffs and Against All Defendants)

**20.** The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiffs in the running of their Super Market. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiffs pray that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note**: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000.

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: April 14, 2010                    CENTER FOR DISABILITY ACCESS

By: _____
RAYMOND G. BALLISTER, JR.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: April 14, 2010            CENTER FOR DISABILITY ACCESS

By: _____
RAYMOND G. BALLISTER, JR.
Attorneys for Plaintiff

Complaint